1  MARY TESTERMAN DUVOISIN, ATTORNEY #163514
   TRIAL ATTORNEY
2  OFFICE OF THE UNITED STATES TRUSTEE
   402 WEST BROADWAY, SUITE 600
3  SAN DIEGO, CA 92101-8511
   (619) 557-5013
4
   Attorney for
5  TIFFANY L. CARROLL
   ACTING UNITED STATES TRUSTEE
6

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re: | Case No. 15-02281-LT11 |
| SULLIVAN INTERNATIONAL GROUP, INC., | STATEMENT OF POSITION OF UNITED STATES TRUSTEE |
| Debtor in Possession. | Hearing Date: None |

The United States Trustee responds to the EX PARTE APPLICATION FOR AUTHORITY TO EMPLOY 3C ADVISORS & ASSOCIATES, INC. AS DEBTOR'S FINANCIAL ADVISOR ("Application") as follows:

_____    The United States Trustee takes no position.

_____    The United States Trustee has no objection.

_____    The United States Trustee objects and requests a hearing.

__XX__    The United States Trustee objects as set forth below.

On May 5, 2015, the Office of the United States Trustee received the Application to 3C Advisors & Associates, Inc. ("3C") as financial advisors to the Debtor (the "Application"). Thus, pursuant to the Local Bankruptcy Rule 9034-1,

the Acting United States Trustee ("AUST") has until May 19, 2015 to respond. The AUST has the following objections to the Application.

1. **PERFORMANCE FEES**

**Section III.C. Performance Fees** provides for 3C to be paid performance fees without court approval in addition to monthly fees which are subject to court approval. All fees and costs must be approved by the Bankruptcy Court. Further, the Application does not provide information as to whether such performance fees in addition to monthly fees are standard in the industry for the type of work performed.

2. **RETAINER**

**Section III. E. 3C's Retainer** provides for 3C to receive an increase in the replenishing retainer to $200,000.00. All fees and costs must be approved by the Bankruptcy Court, which includes retainer fees. Further, the Application does not provide information as to whether "replenishing retainers" are standard in the industry for the type of work performed or why a $200,000 replenishing retainer is a reasonable amount in this case.

2. **RETAINER AGREEMENT**

**Paragraph 6. a. Hourly Time Charges** provides for a "Renewable Retainer of $15,000.00" and invoices submitted weekly that "are due and payable upon presentation to maintain the Renewable Retainer." All fees and costs must be

approved by the Bankruptcy Court, which includes retainer fees. Additionally, 3C may not withdraw any funds from the retainer without Bankruptcy Court authorization to do so.

Furthermore, this section provides for various out-of-pocket expenses including professional fees and advancement of such costs.

3C should review the United States Trustee Guideline No. 4 and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. §330, which address charges that can and cannot be billed to the Debtor and amounts in which costs must not exceed. Both documents can be accessed at www.justice.gov/ust/r15/san_diego/general_info.htm.

In general, (1) the Debtor can only provide reimbursement for expenses that are actual and necessary expenses pursuant to 11 U.S.C. §330; (2) Debtor cannot pay any fees for any professional unless the employment of that professional (investigators, expert witnesses, etc.) has been approved by the Court; and (3) all costs must be approved by the bankruptcy court.

**Paragraph 6. b. <u>Consulting Performance Fee</u>** provides for "the Performance Fee payable pursuant to this section shall in no event be less than $250,000.00." As previously requested, the AUST would like further explanation

and clarification regarding the payment of a Performance Fee. Additionally, all fees and costs must be approved by the Bankruptcy Court.

**Paragraph 6. c.** provides for payment of costs and fees following either completion or termination. All fees and costs must be approved by the Bankruptcy Court.

This section further provides for ten (10%) per annum interest on unpaid balances that will accrue as of the invoice billing date, and also provides for 3C to apply retainer fees towards performance fees owed. Without approval from the Bankruptcy Court, the Debtor cannot pay an interest charge on unpaid accounts. Furthermore, 3C may not withdraw from the retainer, for any reason, without Bankruptcy Court authorization.

**Paragraph 10.** provides for payment in full of all expenses and costs due to 3C upon termination. All fees and costs must be approved by the Bankruptcy Court.

**Paragraph 15.** provides for jurisdiction of controversies or claims to be placed in the Superior Court, San Diego County, California or the United States District Court for the Southern District of California. The Bankruptcy Court has jurisdiction to resolve any disputes that would arise between the Debtor and 3C. Therefore, this section should be omitted. Additionally, all fees and costs must be approved by the Bankruptcy Court.

**Schedule 1. Indemnification, Contribution and Limitation of Liability:**

3C is requesting indemnification in Schedule 1 attached to the Retainer Agreement. Courts have held that such indemnification clauses are inappropriate at the outset of employment of professionals. "Whether the debtor's estate should indemnify a professional for a claim against the professional arising out of the case should be determined by the court after the facts giving rise to the claim are known. Whether indemnification should be offered to a professional should be determined on a case by case basis, after the claim has been asserted for which indemnity is sought. In fact, it is questionable whether blanket indemnity at the outset of a case is even legitimate as a matter of contract law outside of a bankruptcy case." See *In re Mortgage & Realty Trust*, 123 B.R. 626, 631 (Bankr. C.D.Cal.1991). The appropriate inquiry on whether the indemnification provision is appropriate is based on whether the circumstances in the particular case show that an indemnification provision is reasonable. *In re Thermadyne Holdings Corp*, 283 B.R. 749 (8th Cir. BAP 2002). The burden is on the applicant to show the reasonableness. See *In re Metricom, Inc.*, 275 B.R. 364, 371-72 (Bankr.N.D.Cal. 2002)(noting that there was no evidence that comparable services could not have been obtained from another professional without the indemnification provision). In Metricom, the court reasoned that indemnification, contribution, and exculpation clauses were unreasonable at the outset of the case. *Id.* The court

also pointed out that there was no evidence that insurance was unavailable for the proposed professional or that elimination of such provisions would increase fees. *Id.* The United States Trustee would request that the Court disapprove the indemnification section of the Retention Agreement.

WHEREFORE, the Office of the United States Trustee objects to the Application of Debtor to employ 3C as its Financial Advisor.

Respectfully submitted,

TIFFANY L. CARROLL
ACTING UNITED STATES TRUSTEE

Dated: 5/11, 2015   By: /s/ Mary T. DuVoisin
Mary Testerman DuVoisin,
Attorney for the Acting
United States Trustee