Christopher Celentino, State Bar No. 131688
Dawn A. Messick, State Bar No. 236941
David A. Cain, State Bar No. 295230
BALLARD SPAHR LLP
655 West Broadway, Suite 1600
San Diego, CA 92101
Telephone: 619-487-0797
Facsimile: 619-696-9269

Proposed Local Co-Counsel for the Official Committee of Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

In re

SULLIVAN INTERNATIONAL GROUP, INC.,

             Debtor.

Case No.: 15-02281-LT11

Date:  No Hearing Required
Time:
Ctrm:  Dept. 3, Room 129
       325 West F Street
       San Diego, CA 92101-6991
Judge:  Hon. Laura S. Taylor

**DECLARATION OF CHRISTOPHER CELENTINO IN SUPPORT OF APPLICATION PURSUANT TO 11 U.S.C. § 1103(A) AUTHORIZING THE RETENTION AND EMPLOYMENT OF BALLARD SPAHR LLP AS LOCAL CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

I, Christopher Celentino, declare as follows:

1.    I am an attorney duly licensed to practice before this Court and the courts of this State. I am a partner of the law firm Ballard Spahr LLP ("Ballard Spahr" or the "Firm"), proposed local co-counsel for the Official Committee of Unsecured Creditors

(the "Committee") in the above-captioned Chapter 11 case of Sullivan International Group, Inc. (the "Debtor").

2.    I submit this declaration (this "Declaration") in support of the Application Pursuant to 11 U.S.C. § 1103(a) Authorizing the Retention and Employment of Ballard Spahr LLP as Local Co-Counsel for the Official Committee of Unsecured Creditors filed concurrently herewith (the "Application").

3.    The facts stated below are personally known to me, except for those matters based upon information and belief, and as to those, I believe them to be true. If called as a witness, I could and would competently testify to the truth of such facts.

4.    On or about April 6, 2015, the Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern Division of California, Case No. 15-02281-LT11 (the "Chapter 11 Case").

5.    On or about April 30, 2015, the United States Trustee noticed the appointment of the Committee in the Chapter 11 Case pursuant to 11 U.S.C. § 1102(a)(1), amending the appointment on or about May 5, 2015.

6.    On or about May 13, 2015, the Committee sought to retain and employ Ballard Spahr as the Committee's local co-counsel for the Chapter 11 Case.

7.    Pursuant to the Application, the Committee seeks the entry of an order approving the retention and employment of Ballard Spahr as its local co-counsel in this Chapter 11 Case as of May 13, 2015 to perform the legal services that will be necessary during this Chapter 11 Case.

8.    To the best of my knowledge, information and belief, neither Ballard Spahr, nor any of its partners has any interest in the estate of the Debtor, except as otherwise set forth herein.  Nor do any of its partners or associates represent any interest adverse to the Committee, the estate in connection with the Chapter 11 Case with respect to the matters for which Ballard Spahr is to be employed and appointed, except as otherwise set forth herein.

9.    Ballard Spahr is a large, prestigious firm which has been serving communities throughout the United States since 1885 in some form.  As is common in a large firm, representing hundreds of thousands of clients over the years, Ballard Spahr has represented clients who have some connection to parties involved in this Chapter 11 Case.    At my direction, the Firm has performed a search in its computerized conflict resolution system for the Debtor, the creditors listed on the Debtor's Schedules on file in the Chapter 11 Case, and other parties in interest as noted by the record in the Chapter 11 Case.  I will supplement this Declaration with necessary disclosures of further connections to creditors and other parties of interest in this Chapter 11 Case from time to time, as appropriate under the relevant circumstances, all in accordance with applicable law and rules.

10.    Based upon my review of the results of the above-described inquiry and conflict check (and any and all knowledge I have apart from the results thereof) thus far, the Firm, to the best of my knowledge and belief, does not hold or represent any entity having an adverse interest to the Committee, this Chapter 11 Case, the Debtor's estate, or in connection with the Chapter 11 Case except as set forth herein, and not withstanding any disclosures set forth below, is a "disinterested person" as that term is defined in § 101(14) of the Bankruptcy Code.

11.    Consistent with Bankruptcy Rule 2014, I have chosen to disclose each and every "connection" known to me that the Firm may have to the Committee, the Debtor, the creditors, or other parties in interest in this Chapter 11 Case, any of their respective attorneys and accountants, the United States Trustee, or any employee of that office, based upon the reviews above, by adopting the broadest possible definition of the word "connection."    However, as a bankruptcy lawyer with over twenty-five years of experience in bankruptcy cases, I am confident that there do not exist any conflicts, potential conflicts, or other connections between the Firm and creditors or parties in interest that would impact the retention of Ballard Spahr under the standards for employment of general bankruptcy counsel as set forth in 11 U.S.C. § 327.

Nevertheless, set forth below is a complete, detailed discussion and disclosure of each "connection" the Firm may have with creditors or parties in interest as follows:

### a.    **Connections with the Committee.**

Presently, the Firm is not involved in any matter in which it is adverse to the Committee in its role in the Debtor's Chapter 11 Case. Since the Committee members are individuals who are employed at different firms and companies, it is possible that throughout the pendency of this Chapter 11 Case the Firm may become involved in matters in which the such firms and companies or their individual counsel are otherwise involved. Attorneys at the Firm may have had matters adverse or were otherwise involved in cases in which one or more of the members of the Committee or their firms and companies or their counsel were involved; such cases are <u>unrelated</u> to the Debtor's case. For conflicts of interest purposes, we do not believe the foregoing representation or involvement with the Committee or their firms and companies pose any conflict of interest or "disinterestedness" issues. These matters are <u>unrelated</u> to the Debtor, the estate, or other parties in this Chapter 11 Case. These matters do not raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," they are disclosed herein.

### b.    **Connections with Debtor.**  None known.

### c.    **Connections with Creditors and Parties in Interest.**

#### (i)    **Connections with Current Active Clients for Which a Conflict Waiver Letter Has Been Obtained, or Will Be Sought.**  None Known.

#### (ii)    **Connections with Current Clients, No Waiver Necessary.**

Because of Ballard Spahr's size and tenure in this community and throughout the country, it is inevitable that one or more creditors or parties in interest are clients of the Firm. No creditor in this Chapter 11 Case has retained the Firm, or is a Firm client, adverse to the Debtor, the Committee, or the estate in this Chapter 11 Case. Each of the following creditors or their affiliates are clients of the Firm in matters unrelated to the Debtor, the Committee, or any other party in interest in this

Chapter 11 Case, except as set forth herein.  For conflicts of interest purposes, I believe these representations do not pose any conflict of interest.  However, the Firm shall not take any action directly adverse to the below-listed parties on behalf of the Committee, absent an executed written conflict waiver from such client and subsequent disclosure to this Court and parties in interest.  In no circumstances will the Firm represent these clients, or client related parties, adverse to the Debtor or the Committee in this Chapter 11 Case.

The current clients listed in the following table and/or their affiliates appear to hold secured claims, unsecured claims, or interests in executory contracts or leases in this Chapter 11 Case.  Based on our current understanding of this Chapter 11 Case, we do not believe the amounts of the claims or the terms of the contracts and/or leases are material in connection with this Chapter 11 Case, to the respective clients, or to the Firm.  The Firm represents the clients in the following table and/or one or more of their affiliates and may represent parties in which these clients and/or one or more of their affiliates are otherwise associated, in one or more matters unrelated to the Debtor, the Committee, the estate, or this Chapter 11 Case.  The Firm may, from time to time, accept new cases from these clients and/or one or more of their affiliates unrelated to the Debtor, the Committee, the estate, or this Chapter 11 Case.  The Firm does not possess any material or confidential information related to these clients and/or their affiliates that prevents the Firm from representing the Committee in this Chapter 11 Case.  For conflicts of interest purposes, I believe that each of these representations poses no conflict of interest issue.  I believe no waiver of any potential conflict of interest from any of these clients and/or one or more of their affiliates is necessary.  If at any point such a waiver is necessary, I expect that each affected entity and/or affiliates would execute any waiver as presented.  I will supplement this Declaration if, at any time, it appears a potential or an actual conflict may arise with

///

///

any of these clients and/or their affiliates.  None of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requires "connection," they are disclosed herein.

| Party | Type | Amount of Claim | Special Notes |
|---|---|---|---|
| Alban Caterpillar | Contract | Not Applicable | |
| Alliant Insurance Svcs, Inc. | Unspecified | Unknown | |
| American Express | Unsecured | $25,201.40 | |
| Blue Shield of California | Unsecured | $16,702.62 | |
| Comcast | Unsecured | $234.99 | |
| Enterprise Rent-a-Car | Unsecured | $24,154.30 | |
| Eurofins Lancaster Laboratories Environmental, LLC | Unsecured | $24, 696.00 | |
| FedEx | Unsecured | $170.32 | |
| G.E. Capital | Unsecured | $3,875.90 | |
| G.E. Capital | Contract | Not Applicable | |
| Hamilton Sundstrand | Contract | Not Applicable | |
| Insight Direct USA, Inc. | Unsecured | $484.50 | |
| Liberty Mutual Insurance Company | Unspecified | Unknown | Creditor may be listed in error.  We conducted our analysis as if no error was made. |
| Pepsi Beverage Company | Contract | Not Applicable | |
| Science Applications International Corporation | Contract | Not Applicable | |
| Tishman Speyer | Lease | Unknown | |
| United Concordia Dental Plan of CA | Unsecured | $4,118.10 | |
| Verizon Wireless | Unsecured | $10,675.36 | |
| Williams Scotsman, Inc. | Unsecured | $433.88 | |
| Xerox Financial Svcs. | Unsecured | $14,768.74 | |
| Xerox Financial Svcs. | Contract | Not Applicable | |

///

///

///

### (iii)    Connections with Former Clients.

The following creditors or parties in interest in this Chapter 11 Case are former clients of the Firm, for which the Firm is not currently engaged in any active matter. The Firm has never represented, and will not represent, any of these former clients in any manner related to the Debtor, the Committee, or the estate in this Chapter 11 Case. None of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," these are disclosed herein.

Ballard Spahr formerly represented each of these clients and/or its affiliates in one or more matters; however, the Firm does not and did not represent these clients and/or their affiliates in any matter related to the Debtor, the Committee, or the estate in this bankruptcy proceeding. Ballard Spahr does not possess any material or confidential information that prevents the Firm from being directly adverse to these clients and/or their affiliates in this Chapter 11 Case. The Firm is also involved in several bankruptcy matters in which these clients and/or its affiliates are or may be creditors and the Firm represents or has represented parties that are adverse to these clients and/or their affiliates in matters unrelated to the Debtor, the Committee, or the estate in this Chapter 11 Case. For conflict of interest purposes, based on our current understanding of this Chapter 11 Case, we believe that these representations do not pose any conflict of interest. The Firm believes no waivers of any potential conflict of interest from these clients and/or their affiliates are required. The Firm may, from time to time, take on new matters for these clients and/or their affiliates unrelated to the Debtor, the Committee, or the estate in this Chapter 11 Case. If at any point such a waiver is necessary, it is expected that these clients and/or their affiliates would execute any waiver as presented. I will supplement this Declaration if, at any time, it appears a potential or an actual conflict may arise.

///

///

///

| Party | Type | Amount of Claim | Special Notes |
|---|---|---|---|
| ASIS | Contract | Not Applicable | |
| Cox Communications | Unsecured | $609.93 | |
| E-Trade, Arlington, VA | Contract | Not Applicable | |
| Holland & Hart, LLP | Unspecified | Unknown | May serve or has served as Counsel to a party or parties in cases. |
| Honeywell – GSA; Honeywell Building Solution | Contract | Not Applicable | |
| Pitney Bowes | Contract | Not Applicable | |
| Teledyne Brown Eng | Contract | Not Applicable | |
| Tetra Tech | Unsecured | $1,660,069.44 | |
| United Technologies Corp | Contract | Not Applicable | |
| Veolia Environmental Svcs | Unspecified | Unknown | |
| Westinghouse | Contract | Not Applicable | |

**(iv)** **Connections in Other Bankruptcy Cases.**

Ballard Spahr has a long history of representing Trustees, debtors and official creditor's committees in bankruptcy cases. Because of the nature of the bankruptcy business community, it is common for the same party to appear as a creditor of more than one debtor. Based on our current understanding of this Chapter 11 Case, none of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," these are disclosed herein. Following is a list of all such creditors who, at one time or another, have surfaced as creditors in cases in which the Firm represented the trustee, debtors, or creditors' committees, and to which the Firm's representation would have been technically adverse. Based on our current understanding of this Chapter 11 Case, we do not believe the amounts of the claims or the terms of the executory contracts or leases are

material to the creditor or the Firm.  The Firm is involved in several bankruptcy matters in which these entities and or their affiliates are a creditor and the Firm has represented parties that are adverse to these entities and/or their affiliates in matters unrelated to the Debtor, the Committee, the estate, or other parties in this bankruptcy proceeding.

| Party | Type | Amount of Claim | Special Notes |
|---|---|---|---|
| American Express | Unsecured | $25,201.40 | |
| Comcast | Unsecured | $234.99 | |
| Holland & Hart, LLP | Unspecified | Unknown | May serve or has served as counsel to a party or parties in cases. |
| Liberty Mutual Insurance Company | Unspecified | Unknown | Creditor may be listed in error.  We conducted our analysis as if no error was made. |

### D.  Adverse Representation in Non-Bankruptcy Cases.

Ballard Spahr has a long history of representing clients in litigation and other matters throughout the United States and abroad.  Because of the nature of the business, it is not uncommon for creditors or adversaries of the Debtor to also be adversaries of unrelated Firm clients.  Following is a list of all such alleged creditors who, at one time or another, have surfaced as adverse parties in non-bankruptcy matters.  These matters are unrelated to the Debtor, the Committee, the estate, or other parties in this Chapter 11 Case.   None of these matters raise any conflict or disinterestedness issues; nevertheless, because Rule 2014 requests "connections," these are disclosed herein.  Based upon my current knowledge and understanding of the case, I do not believe the amounts of the claims or the terms of the executory contracts or leases are material to the creditors and/or their affiliates; in any event, such amounts of the claims are not material to the Firm.

///

///

| Party | Type | Amount of Claim | Special Notes |
|---|---|---|---|
| Aerojet | Contract | Not Applicable | |
| American Express | Unsecured | $25,201.40 | |
| BAE Systems | Contract | Not Applicable | |
| Blue Shield of California | Unsecured | $16,702.62 | |
| BOFI Federal Bank | Unsecured | $124,509.38 | |
| Century Link Bus. Svcs. | Unsecured | $6,498.32 | |
| Clean Harbors Environmental Services, Inc. | Unsecured | $2,978.41 | |
| Comcast | Unsecured | $234.99 | |
| Cox Communications | Unsecured | $609.93 | |
| E-Trade, Arlington, VA | Contract | Not Applicable | |
| Enterprise Rent-a-Car | Unsecured | $24,154.30 | |
| FedEx | Unsecured | $170.32 | |
| G.E. Capital | Unsecured | $3,875.90 | |
| G.E. Capital | Contract | Not Applicable | |
| Geosyntec Consultants Inc.; Geosyntec/Caltrans | Unsecured | $5,256.51 | |
| Geosyntec Consultants Inc.; Geosyntec/Caltrans | Contract | Not Applicable | |
| Holland & Hart, LLP | Unspecified | Unknown | May serve or has served as counsel to a party or parties in cases. |
| Honeywell – GSA; Honeywell Building Solution | Contract | Not Applicable | |
| Liberty Mutual Insurance Company | Unspecified | Unknown | Creditor may be listed in error. We conducted our analysis as if no error was made. |
| Pepsi Beverage Co. | Contract | Not Applicable | |
| Pine Enviro. Svcs. | Unsecured | $33,405.56 | |
| United Rentals (N.A.) Inc. | Unsecured | $19,153.57 | |
| United Technologies Corp | Contract | Not Applicable | |
| Veolia Environmental Svcs | Unspecified | Unknown | |
| Westinghouse | Contract | Not Applicable | |

| Party | Type | Amount of Claim | Special Notes |
|---|---|---|---|
| Weston Solutions, Inc. ("**Weston**") | Secured | $616,316.93 | We are unaware of whether or not this amount is material to Weston. It is not material to the Firm. |
| Verizon Wireless | Unsecured | $10,675.36 | |
| Xerox Financial Svcs. | Unsecured | $14,768.74 | |
| Xerox Financial Svcs. | Contract | Not Applicable | |

### E.    Connections with Other Counsel in the Case.

Members of the Firm have been involved in matters in which other counsel representing parties in this Chapter 11 Case have been involved, and have served on the Board of Directors of the California Bankruptcy Forum during terms that once overlapped with certain of such counsel. These connections have no impact on the Firm representation in this Chapter 11 Case. Over the years, the Firm has been involved in different organizations in areas in which the Debtor's counsel and such other counsel have been involved, all underlined to this Chapter 11 Case.

My partner, Mikel R. Bistrow, and I have known the attorney for Debtor, Mr. James P. Hill ("Mr. Hill") for many years. We also know other lawyers at Mr. Hill's firm and socialize with them from time to time. Over the years we have had, and currently have, a number of cases involving Mr. Hill's firm, and of course the attorneys there, including Mr. Hill. In some cases we have been adverse, in others aligned. We have also served, and may in the future serve, on committees with Mr. Hill and/or other attorneys at Mr. Hill's firm. We do not believe that any of those connections create a conflict that precludes us from representing the Committee.

Similarly, my partner, Mikel R. Bistrow, and I have known the attorney for Bridge Bank N.A., Mr. Jeffrey D. Cawdrey ("Mr. Cawdrey") for many years. We also know other lawyers at Mr. Cawdrey's firm and socialize with them from time to time. Over the years we have had, and currently have, a number of cases involving Mr. Cawdrey's firm, and of course the attorneys there, including Mr. Cawdrey. In

some cases we have been adverse, in others aligned.  We have also served, and may in the future serve, on committees with Mr. Cawdrey and/or other attorneys at Mr. Cawdrey's firm.  We do not believe that any of those connections create a conflict that precludes us from representing the Committee.

**F.    Government Agencies.**

Several government agencies are listed as creditors of the Debtor, including Arizona Department of Revenue, California Department of Transportation, Colorado Department of Revenue, New Jersey Department of State, Fairfax County PD, Franchise Tax Board of the State of California, Georgia Department of Revenue, Internal Revenue Service, United States Air Force, United States Army, United States Environmental Protection Agency, United States Government Services Agency (GSA, GSW Finance Center, the "**GSA**"), and United States Navy.  This Firm is involved in several matters in which one or more of these agencies are adverse parties, and the Firm has represented and will continue to represent parties that are adverse to one or more of these governmental agencies in matters unrelated to the Debtor, the Committee, the estate, or other parties in this Chapter 11 Case.  These representations include several adverse parties related to GSA contracts, joint ventures, partnerships, and/or other relationships, including but not limited to these parties: GSA 2222 West, L.L.C.; Detroit GSA, LLC; El Centro GSA, LLC; Grunley Construction, El Centro GSA, LLC; Hugo GSA, LLC; Lansing GSA, LLC; National GSA Venture, LLC; PSI Services, LLC.

**G.    Similar Name/ Not Likely Same Creditor.**

Because of the size of the Firm, with thousands of clients, it is to be expected that the Firm represents persons or entities with names similar to those creditors or parties in this Chapter 11 Case; however, as to each of the following, we do not believe that the creditor or party in this Chapter 11 Case is the same as a similarly named person or entity that is otherwise a Firm client or adversary in an unrelated matter.  This connection has no bearing on the Firm's disinterestedness in

this Chapter 11 Case, but is disclosed out of an abundance of caution. To the extent that the entities are related or the same, the scope of the representation was unrelated to the proposed representation being provided by the Firm. I will apprize the Court if they are found to be the same person and representation involves a potential or direct adverse claim.

| Ballard Spahr's Client or Adversary | Creditor with Similar Name |
|---|---|
| Aerotech Ltd. | Aerotech Labs, Inc. |
| Analytical Technology Inc. | Analytical Services Inc |
| Ascend HR Solutions | HR Solutions/TEG Staffing Inc. |
| Brickman Associates | Brickman 550 Kearney LLC |
| Citadel Investment Group, L.L.C. | Citadel Information Mgmt. |
| Citadel Contact Systems | Citadel Information Mgmt. |
| Citadel Communications, L.P. | Citadel Information Mgmt. |
| Citadel | Citadel Information Mgmt. |
| El Centro GSA, LLC | GSA, GSW Finance Center |
| GSA 2222 West, L.L.C. | GSA, GSW Finance Center |
| GSA 2222 West, L.L.C. | GSA, GSW Finance Center |
| Hugo GSA, LLC | GSA, GSW Finance Center |
| National GSA Venture, LLC | GSA, GSW Finance Center |
| NVP Associates LLC | NVP, Inc. |
| MRC Funding Corporation | Mr. Copy/MRC |
| MRC Holdings, Inc. | Mr. Copy/MRC |
| MRC Management LLC | Mr. Copy/MRC |
| PDE, Inc. | PDE Total Energy Solution |
| Prometheus | Prometheus Construction |
| Sentinel Insurance Company, Ltd. | Sentinel Real Estate Corp |
| Standard Chartered Insurance Ltd. | Standard Insurance Company |
| Standard Title Insurance Co. | Standard Insurance Company |
| Tiger Industries L.P. | Tiger Fuel |
| TNT Partners LLC | T & T Sweeping; T N T Builders |
| True North Management Group | True North Environmental |

**H.    United States Trustee and the Judiciary.**

I and other members of the Firm have had many cases with the San Diego Office of the United States Trustee over the years, and we know most of the

people in that office personally. Indeed, one or more partners or attorneys at the Firm may have worked in the office of the United States Trustee before joining the Firm or may have or have had familial relationships with one or more of the attorneys in the Office of the United States Trustee, although not noted within the Southern District of California.

On May 1, 2015, the Hon. Peter W. Bowie, former Chief Judge for the United States Bankruptcy Court for the Southern District of California, joined Ballard Spahr. Notwithstanding Judge Bowie's role with Ballard Spahr, it is <u>not</u> anticipated that Judge Bowie will actively work on or provide any significant services to this Chapter 11 Case.

12. Subject to the Court's approval, the Firm will charge the estate for its legal services rendered to the Committee on an hourly basis, and shall seek payment from the estate. Set forth in the Application are the hourly rates the Firm will charge for legal services of its professionals that will initially perform services in this Chapter 11 Case. For other professionals, the rate will be the hourly rate generally in effect for the period during which the services are rendered. Because the fees are based on hourly rates and correspond to the experience and expertise of each individual, I believe that these rates, and the terms and conditions of the Firm's employment, are reasonable. These rates are subject to adjustment, historically on or about February 1 of each year.

13. In addition to the hourly rates set forth in the Application, the Firm customarily charges its clients for items of cost and expense incurred in our work on this matter. Items which will be charged separately include copying, messenger services, filing fees, postage and express services, long distance telephone calls, telecopying, computerized legal research, computer assisted document preparation, travel, support staff overtime when necessary, and similar items. Where appropriate, we may engage third-party providers to perform specific services. As with our hourly rates, the cost and expense schedule is generally updated on or about February 1 of

14

each year.  The rates for these charges are included in the Ballard Spahr Engagement Letter, attached hereto as Exhibit "A."  Subject to the Bankruptcy Code, Bankruptcy Rules, any applicable fee guidelines and this Court's order(s), the Firm will be seeking reimbursement of charges incurred on behalf of the Committee during the Chapter 11 Case.  The Firm understands that approval of the employment herein is not per se approval of any such expense, and that all parties may respond to the Firm's charge of any expense at the time of a fee application containing such expense.

14.    The Firm has neither shared nor agreed to share any of the compensation it receives from this Chapter 11 case with any person other than to share this compensation among its partners and employees.

15.    The Firm has not received a retainer in connection to its proposed representation of the Committee.

16.    The Firm agrees not to accept compensation for services rendered in this Chapter 11 Case except upon order of the Court.

17.    Based upon the foregoing, and based upon my 25-plus years as a practicing bankruptcy attorney throughout California, I believe that the Firm is eligible for employment and retention by the Committee pursuant to the Bankruptcy Code and the applicable Bankruptcy Rules.

I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct, except for those matters stated upon information and belief and as to those, I believe them to be true.

Executed this 19th day of June, at San Diego, California.


_/s/ Christopher Celentino_____
Christopher Celentino

## Exhibit Table of Contents

| Exhibit | Description | Pages |
|:---:|:---:|:---:|
| A | Engagement Letter | 18-25 |

# EXHIBIT "A"

Engagement Letter

# Ballard Spahr
LLP

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

655 West Broadway, Suite 1600
San Diego, CA 92101-8494
TEL 619.696.9200
FAX 619.696.9269
www.ballardspahr.com

Christopher Celentino
Tel: 619.487.0797
Fax: 619.696.9269
celentinoc@ballardspahr.com

June 19, 2015

**VIA E-MAIL**

Mr. Scott Michelsen
Committee Chairperson of Unsecured Creditors of
Sullivan International Group, Inc.
c/o Energy Solutions
299 South Main Street, Suite 1700
Salt Lake City, UT 84111

Re:     Engagement Letter Agreement

Dear Mr. Michelsen:

Thank you for selecting Ballard Spahr LLP (the "Firm") to represent the Official Committee of Unsecured Creditors (the "Committee") in the United States Bankruptcy Court, Southern District of California (the "Bankruptcy Court"), Case No. 15-02281-LT11, In re Sullivan International Group, Inc. (the "Estate"), effective as of May 20, 2015.  We appreciate your continued confidence in us.  Although we regret the length and formality of this Engagement Letter Agreement ("Agreement"), it is important that we have a clear understanding of our working relationship going forward.  Please do not hesitate to contact us if you have any concerns.

### 1.     Scope of Engagement

This Agreement confirms the terms of this matter.  As we discussed, the scope of our engagement will be to act as your bankruptcy local co-counsel and to represent you as the Committee in the above bankruptcy case (the "Case") of the Sullivan International Group, Inc. (the "Debtor") and to assist you in all aspects of your role as a member of the Committee, including, among other matters, review of pleadings, participating in litigation, evaluating and resolving claims, attending court appearances as appropriate and out-of-court negotiations, as well as negotiating and advising regarding any chapter 11 plan and related documents (the "Matter").  We are advised that the Committee has retained Goldstein & McClintock LLLP ("Goldstein & McClintock") as its lead counsel, that the Firm is being retained to serve as local co-counsel, and that it is anticipated that the firm will serve in a secondary role in the Matter.  We will endeavor to coordinate our efforts and services so as to attempt to ensure no significant duplication of effort with Goldstein & McClintock.

### 2.     Staffing

I will have primary responsibility for the Matter, but will utilize Dawn Messick, David A. Cain and other Firm attorneys and paraprofessionals when that is appropriate and cost effective.  We will keep the Committee informed of our progress, and will utilize our best efforts to respond to the Committee as

DMWEST #12292007 v3

Mr. Scott Michelsen
June 19, 2015
Page 2

promptly as possible.  In return, the Committee agrees to keep us informed of any developments that affect the Matter as soon as the Committee becomes aware of them, and to be available when we need to consult with the Committee.

**3.**   **Conflicts of Interest**

We have checked our records based on the information the Committee has provided to us at this time as well as what is shown in the public record in the Case.  Our search also included the names of business entities, if any, about which the Committee has informed us of an affiliation (or is apparent from the public record in the Case) that could give rise to significant concerns if we should be involved in matters for other clients directly adverse to such business entities.  In this regard, we disclose the following:

    **A.**   **Representations**

        **a.**   The Firm has in the past, is currently representing and expects to continue to represent Alban Caterpillar, Alliant Insurance Svcs, Inc., American Express, Blue Shield of California, Comcast, Enterprise Rent-a-Car, Eurofins Lancaster Laboratories Environmental, LLC, FedEx, G.E. Capital, Hamilton Sundstrand, Insight Direct USA, Inc., Liberty Mutual Insurance Company, Pepsi Beverage Company, Science Applications International Corporation, Tishman Speyer, United Concordia Dental Plan of CA, Verizon Wireless, Williams Scotsman, Inc., and Xerox Financial Svcs. and/or certain of their affiliates (collectively, the "Current Clients") in various matters unrelated to the Case.  Additionally, the Firm has in the past represented ASIS, Cox Communications, E-Trade, Arlington, VA, Holland & Hart, LLP, Honeywell – GSA; Honeywell Building Solution, Pitney Bowes, Teledyne Brown Eng, Tetra Tech, United Technologies Corp, Veolia Environmental Svcs, and Westinghouse and/or certain of their affiliates (collectively, the "Former Clients" and together with the "Current Clients," the "Clients") in various matters unrelated to the Case.  All of these referenced persons or entities appear to be creditors or other parties-in-interest in the Case.

        **b.**   In light of the foregoing, one of the purposes of this letter is also to obtain the Committee's written consent to our representation of the Committee in the Matter notwithstanding our representation of the Clients in other matters.  It is understood, of course, that we are giving no legal counsel to the Clients with regard to the Matter.  In order to represent you, it is necessary that you give your informed consent to such representation and waive any potential or actual conflicts of interest arising from the Firm's prior, current and/or future, as applicable, representation of the Clients on matters unrelated to the Committee and the Case.  By signing this letter, the Committee acknowledges and agrees:

            i.   We have given you adequate opportunity to consult with independent legal counsel.

            ii.   We are not advising or giving legal counsel to the Clients in connection with the Matter.

            iii.   You waive the assertion of any claim of conflict of interest in relation to our representation of the Clients as described above, consent to our representation and waive any right or claim that may arise out of any such conflict.  You also agree that we

Mr. Scott Michelsen
June 19, 2015
Page 3

will be authorized to represent the Clients in matters unrelated to the Matter and the Committee and to represent the Committee in matters related to the Case.

       iv.      You hereby acknowledge and agree with the foregoing, agree to the Firm's past, present and future representation of the Clients, and hereby waive any and all past, present and/or future conflicts of interest relating to the foregoing.

       v.      While the Matter is not related to any matter in which the Firm represents the Clients, the Committee acknowledges the foregoing possibility of a conflict and agrees that if during the course of our representation of the Committee in the Matter, the interests of any Client becomes adverse to those of the Committee in the Matter, then the Committee shall seek potential representation by special counsel.

       **c.**      We believe that we can accept this representation if the Committee consents as provided herein. We believe this representation will not be compromised by our relationship with the Clients and that we will be able to provide competent and diligent representation to the Committee in the Matter. By signing this letter, the Committee is expressly waiving this conflict.

**B.**      <u>Connections</u>

      As we have discussed, our employment in connection with the Case is subject to approval of the Bankruptcy Court.  As part of that process, the Firm will be required to publically disclose in Bankruptcy Court filings its connections with other parties in interest, including creditors.  Simultaneously herewith we have provided you with a declaration disclosing such connections, which declaration will be filed with the Bankruptcy Court in substantially such form.  In addition, you acknowledge that this letter will be filed with the Bankruptcy Court as part of the employment approval process and therefor will be publically disclosed, and you consent thereto.

      This Agreement creates an attorney/client relationship only between the Firm and the Committee. Therefore, the Committee agrees that this engagement does not create an attorney/client relationship between the Firm and any persons and/or business entities with which the Committee is affiliated nor with individual Committee members unless subject to a separate engagement agreement.  The Committee and its members will not provide the Firm with any confidential information about any of their other affiliations, and the Firm will not provide confidential information to the Committee about any of such affiliations unless the Firm represents such affiliations.  The Committee agrees that our representation of the Committee will not create any conflicts of interest in the event that other clients of the Firm are adverse to an affiliation of yours (unless that affiliation also is represented by the Firm).

**4.**      <u>Advance Waiver of Conflict</u>

       **a.**      The Committee agrees that the Firm may represent current or new clients in work directly adverse to you, the Debtor or the Estate, and may be adverse to business entities with which you or they are affiliated, provided such work is not substantially related to the Matter and the Firm does not use any of your confidential information in representing such clients.  In addition, you agree that, the Firm may represent in the future other parties who are parties in interest in this Matter, or who may become involved in the Matter, as long as that representation is unrelated to the Matter.  The Firm agrees that it will not use any of your confidential information in representing such other clients and, when needed, we will establish an ethical wall

Mr. Scott Michelsen
June 19, 2015
Page 4

to assure that confidential information is not exchanged between those working on the Matter and those working for such other clients.

    **b.**    Due to the national scope of our Firm's practice, we will be unable to represent the Committee in the Matter without first receiving your consent to our representation of current or prospective clients in connection with unrelated matters or a bankruptcy or insolvency proceeding involving the Debtor's or the Estate's creditors (including Committee members) or adversaries that the Debtor, the Estate or the Committee (or its members) may have an interest in, including, but not limited to, our representation of official committees authorized under the Bankruptcy Code, debtor-in-possession lenders, Chapter 7 or Chapter 11 trustees appointed under the Bankruptcy Code, examiners, post-petition asset purchasers, the debtor, pre-petition lenders, bondholders, and indenture trustees, secured creditors, landlords, bondholders and unsecured creditors. Some of these clients may have interests that are materially adverse to you. The exception to this consent is that we will not represent another client in direct adverse litigation against you in or arising from the Matter. Actions or motions against a group in which you are a member, or against such group's agents, trustees, representatives, or committees, are, however, expressly included in the broad consent granted hereby.

**5.**    <u>**Fees and Billing**</u>

The fees and costs for the Matter are not predictable. Moreover, any fees and costs we might seek in the Matter will be subject to approval and payment pursuant to and in compliance with Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Local Rules of Bankruptcy Procedure, as applied in the Southern District of California.

    **a.**    Currently, the hourly rates of the attorneys who will likely work on this matter range from $266 to $675. Our paraprofessional rates currently range from $60 to $184. My hourly rate for the Matter is currently $675, Dawn's rate is $455 and David's rate is $266. These rates may change from time to time. The above-referenced rates reflect a discount from the regular rates charged by the Firm and such rates will remain in effect during 2015. In addition, as an accommodation to the Committee, the Firm will provide necessary discounts on the Matter to ensure that the Firm's blended hourly rate for this Matter does not exceed $500 per hour.

    **b.**    Likewise, we will seek reimbursement for support services, such as photocopy and facsimile, messenger and delivery service, computerized research, travel, long-distance telephone, online research, travel, word processing, court costs, and search and filing fees. Certain support services that involve equipment or staffing or that require payments to third parties may include additional charges that reflect our internal costs. Secretarial services may be charged if done on an overtime basis and with the Committee's consent. Subject to Bankruptcy Court approval, if and as applicable, you authorize us to retain any investigators, consultants or experts necessary in our judgment to represent the Committee in the Matter; however, we will consult with you before doing so. Attached is a copy of our current Disbursement Pricing of charges which sets forth current pricing for most (but not all) of these services. All such charges shall be in accordance with applicable U.S. Trustee Guidelines, and applicable Bankruptcy laws and rules. It is our policy to provide the most cost effective and efficient support systems available.

Mr. Scott Michelsen
June 19, 2015
Page 5

    **c.**      The Committee has requested that the Firm accept payment from the Estate, per authorization by the Bankruptcy Court for the services incurred on its behalf regarding the Matter. The Firm specifically acknowledges and agrees that the Committee and its individual members shall not, under any circumstances, be responsible for the payment of any of the Firm's fees, costs and disbursements, and that all fees and costs of the Firm in this Matter shall only be paid from the Debtor's Chapter 11 Estate or Chapter 7 Estate if the Chapter 11 case is converted to a Chapter 7 case, and if any of the fees, costs or disbursements are not paid by those estates, then the Committee and its members owe the Firm nothing. The Firm is willing to accept such payment, on condition that the Committee expressly waives any conflict or claim against the Firm related to the payment of its legal fees and costs by the Estate, per authorization by the Bankruptcy Court. Payment is due in accordance with the terms, rules and provisions of the Bankruptcy Code and applicable rules. In accordance with limitations set forth in the Bankruptcy Code and applicable rules, if permitted, we will assess a late charge of 1% per month on any approved fee application balance older than 60 days.

**6.**      **Limitations of Liability**

Ballard Spahr LLP is a limited liability partnership under the laws of Pennsylvania. This means the Committee's rights to recover damages in a legal malpractice action that may exceed our insurance and Firm assets is limited to the personal assets of the attorneys whose acts or omissions gave rise to the Committee's claim.

**7.**      **Termination of Representation**

    **a.**      Subject to applicable provisions of the Bankruptcy Code and rules, either of us may terminate this Agreement at any time for any reason by written notice. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect the Committee's interests in the Matter and, at the Committee's request, suggest possible new counsel. We will provide new counsel with any papers the Committee has given us. If permission from the Bankruptcy Court is necessary for withdrawal, we will promptly apply for it, and the Committee will engage new counsel to represent it.

    **b.**      Unless previously terminated, our representation of the Committee in the Matter will end when we send our final invoice. After the Matter ends, there might be changes in laws or regulations that might affect the Committee's future rights and liabilities, but the Firm does not have an obligation to continue to advise the Committee about future legal developments, unless the Committee engages us to do so.

**8.**      **Disposition of Files and Records**

    **a.**      Following the conclusion of the Matter, we will maintain the confidentiality of any of the Committee's confidential information provided us in accordance with applicable rules of professional conduct. Any documents provided by the Committee, or provided by a third party, will be returned to the Committee unless the Committee authorizes destruction of them.

    **b.**      We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. These include the Firm's administrative

Mr. Scott Michelsen
June 19, 2015
Page 6

records, time and expense reports, personnel and staffing materials, credit and accounting records, internal attorneys' work product (such as drafts, notes, internal memoranda and legal and factual research), written and electronic communications, pleadings, and investigative reports. The Firm has internal policies that determine the retention periods for closed representation files. Therefore, if the Committee does not request return of this file material, the Firm reserves the right to destroy it at the end of the defined retention period.  Upon the Committee's reasonable request, the Firm will provide such portions of these file materials to it as required by the applicable rules of professional responsibility or other legal requirements.  Unless applicable rules of professional responsibility require an earlier return, we may retain such file material pending receipt of payment of any outstanding fees or costs.

9.      **Communication**

        a.      We often send to our clients information about the Firm or legal matters we think might be of interest to them.  The Committee agrees that we may send the Committee (and its members) this material, either by electronic mail or other means.  The Committee also agrees that we may communicate with the Committee about this Matter by electronic mail on an unencrypted basis.  Further, you authorize us to take instructions from the Committee chairperson or other member as authorized by the Committee pursuant to its bylaws or otherwise, and further, to take instructions from Goldstein & McClintock as the Committee's lead counsel.

        b.      Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated.  Any such statement made by us is an expression of opinion only and is not a promise or guarantee of results.

        c.      The Committee agrees that the Firm may list the Committee on publicly disclosed lists and other materials as a client that the Firm represents.

Please confirm the Committee's approval of this Agreement by signing and returning a copy via e-mail.  If the Committee has any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

We look forward to working with the Committee on this Matter.

Very truly yours,

Christopher Celentino
of
Ballard Spahr LLP

CC/ccb

Enclosure

Mr. Scott Michelsen
June 19, 2015
Page 7


cc:     Mr. Roger Angus (via e-mail)
        Ms. Patricia H. Wittie (via e-mail)
        Mr. Charlie Kramer (via e-mail)
        Ms. Ceci Dotty (via e-mail)
        Mr. William J. Broderick (via e-mail)
        Mr. Jeff Carlson (via e-mail)
        Ms. Stephany West (via e-mail)
        Thomas R. Fawkes, Esq., Committee co-counsel (via e-mail)


ACKNOWLEDGED, AGREED AND ACCEPTED:

OFFICIAL COMMITTEE OF UNSECURED CREDITORS



By:_____
        Scott Michelsen
        Committee Chairperson of Unsecured
        Creditors of Sullivan International
        Group, Inc.

**Ballard Spahr LLP**

*2015*
*Disbursement Pricing*

| Disbursement | Cost |
| --- | --- |
| Binding<br>Binding (Special Materials) | $1.75 each<br>$10.00 each |
| Cab Fares | Actual Cost |
| Courier Service | Actual Cost |
| Duplicating<br>Duplicating (Color)<br>Outside Duplicating | $0.10 per page<br>$0.45 per page<br>Invoice Cost |
| Lexis & Westlaw | Actual (discounted) Cost |
| Library Research Services | Published Standard Cost |
| Long Distance Telephone | Actual Cost |
| Messenger Service | Actual Cost |
| Postage | Actual Cost |
| Search and Filing Fees | Actual Cost |
| Telephone (Credit Card Calls) | Actual Cost |
| Travel | Actual Cost |
| 24/7 Blackberry/E-mail/Cell Phone<br>Attorney Contact Charge | Actual Cost or not to exceed $50.00 per<br>month |

DMWEST #12292007 v3

Atlanta  |  Baltimore  |  Bethesda  |  Denver  |  Las Vegas  |  Los Angeles  |  New Jersey  |  New York  |  Philadelphia  |  Phoenix
San Diego  |  Washington, DC  |  Wilmington  |  www.ballardspahr.com

EXHIBIT "A"
Page 25